FILED
 2011 Mar-30  AM 10:07
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WESTERN PETROLEUM, COMPANY,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **2:10-cv-3033-JHH** |
| VS. | ) | |
| | ) | |
| **BIRMINGHAM EXECUTIVE AVIATION, LLC.; TRUMAN THOMAS; and RICHARD RUSHING JR.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION

The court has before it the March 28, 2011 motion (Doc. #19) to prove damages filed by Plaintiff Western Petroleum Company ("Western") pursuant to the court's March 15, 2011 order (Doc. #18). In that order, the court found that Western's motion for default judgment (Doc. # 17) was due to be granted. (<u>See</u> Doc. #18 at 5-9.) Specifically, the court held the following:

> [E]ntry of default judgment against all three Defendants is appropriate under Rule 55 given their failure to plead or otherwise defend after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which Defendants have admitted) to establish their liability to Western on the breach of contract, failure to pay indebtedness on an open account and account stated and unjust enrichment theories

(Id. at 9.)  The court then ordered Western to submit verified evidence of damages suffered.  (Id. at 11-12.)  The instant motion (Doc. #19) contains that verified evidence to prove the damages against Defendants Birmingham Executive Aviation, LLC ("BEA"), Truman Thomas ("Thomas") and Richard Rushing, Jr. ("Rushing").

As proof of its damages, Western has submitted the Affidavit of Jacob Amundson (Exh. A to Doc. #19), the Credit Manager for Western, along with a copy of the fuel supply agreement (Exh. 1 to Amundson Aff.) and dozens of pages of invoices purporting to document the principal and interest on each purchases related to the aviation fuel at issue in the contract.  Specifically, the invoices reflect the following purchases, including taxes:

| | | |
|---|---|---|
| June 1, 2010 | $1,452.50 | Refueler truck rental |
| June 3, 2010 | $13,740.15 | Aviation fuel |
| June 12, 2010 | $12,086.37 | Aviation fuel |
| June 28, 2010 | $14,303.14 | Aviation fuel |
| July 2, 2010 | $1,452.50 | Refueler truck rental |
| July 8, 2010 | $20,497.09 | Aviation fuel |
| July 23, 2010 | $20,863.82 | Aviation fuel |
| July 25, 2010 | $14,063.81 | Aviation fuel |
| August 2, 2010 | $1,452.50 | Refueler truck rental |

(Exhs. 2-10 to Amundson Aff.)  Plaintiff having demonstrated that all of the amounts recited above are elements of damages which it is entitled to recover against the Defendants in this matter, the court will enter a default judgment to include the total of those amounts, to wit: $81,911.88.

Plaintiff also seek an award of attorneys' fees and expenses. Although Plaintiff does not specifically identify them, the agreement at issue does contain a provision through which the Defendants agreed to pay "reasonable costs, including . . . reasonable attorneys' fees." (Exh. 1 to Amundson Aff. at 9.) Plaintiff's only evidence of costs and attorneys' fees is a conclusory statement by attorney Joshua D. Johnson that "[a]s of March 22, 2011, the total amount of attorneys' fees incurred by Western for BABC's efforts in this matter is $7,565.00 in fees plus related expenses in the amount of $563.35." (Exh. B to Doc. #19, Johnson Aff. ¶ 6.) He further states that in his opinion, "the work on this case had been handled with economy and efficiency" and that the time spent "was reasonable in relation to the work [his] firm has performed in the case." (Id. ¶ 7.)

The trouble with this proof is twofold. First, it overlooks the court's previous admonition to Plaintiff about the critical importance of submitting backup documentation to establish its damages. (See doc. # 18 at 9-11.) Second, without itemization or explanation of what these attorneys' fees and costs represent or how they were incurred, the court cannot satisfy its obligations to ascertain the reasonableness of the charges. See generally, PNCEF, LLC v. Hendricks Bldg. Supply LLC, et al., 740 F. Supp.2d 1287, 1293 (S.D. Ala. 2010) ("The Court's task . . . is instead to determine [plaintiff]'s actual attorney's fee incurred in enforcing its rights

. . . in this matter, and to ascertain whether that actual figure . . . is a 'reasonable attorney's fee' within the ambit of" the agreement).  The statement of attorney Johnson that he believes the fees to be "reasonable" simply does not cut it, especially in light of the court's previous detailed explanation of the method by which Plaintiff must prove <u>all</u> its damages.[1]  Accordingly, the court disallows Plaintiff's request for award of attorneys' fees and expenses.

In conclusion, it is hereby **ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. #17) and Motion to Prove Damages (Doc. #19) are **GRANTED IN PART AND DENIED IN PART**.  A default judgment will be entered in favor of Plaintiff Western and against Defendants BEA, Thomas and Rushing, jointly and severally, in the total amount of **$86,826.59**, representing the principal debt of $81,911.88, plus prejudgment interest at six percent (6%) under Alabama Code § 8-8-8 of $4,914.71.

DONE this the 30th day of March, 2011.

*/s/ James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This is especially true in the default judgment context, and where the court decided not to hold a hearing to assess damages.  See <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003); <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1544 (11th Cir. 1985); <u>Everyday Learning Corp. v. Larson</u>, 242 F.3d 815, 818 (8th Cir.2001).